# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ELIZABETH QUINTERO,**

      **Plaintiff,**

v.                                                                                    Case No: 6:24-cv-1345-CEM-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff has filed a letter to the Court which is construed as a motion, and the Court has referred it to the undersigned. Doc. 14 (the Motion). It appears that Plaintiff seeks leave to exceed a page limit pursuant to Local Rule 3.01(a) and requests injunctive relief. *Id.* The undersigned recommends that the Motion be denied.

As an initial matter, Plaintiff's request for relief violates Local Rule 3.01(k) as "[a] party must not use a letter, email, or the like to request relief or to respond to a request for relief." The Motion is due to be denied on that basis alone. *See United States v. Collins*, 2023 WL 9468262, at *1 (M.D. Fla. Aug. 28, 2023) (finding that a defendant's filing violated the Local Rule prohibiting the use of letter or email to request relief and, therefore, the court could deny the motion solely on that basis).

Further, Plaintiff's request for injunctive relief violates the Local Rules. In general, the nature of the injunction is unclear. Plaintiff requests that the Court issue injunctive relief on the "civil complaint against the Social Security Administration based on the already submitted Initial Plaintiff Brief." Doc. 14 at 1. The undersigned cannot determine if Plaintiff seeks consideration of the Complaint or is separately moving for injunctive relief. To the extent Plaintiff seeks relief

through the Motion, Plaintiff is required to include a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request. Local Rule 3.01(a). Plaintiff has not included any of this information and, therefore, the Motion fails.

To the extent Plaintiff seeks preliminary injunctive relief, Plaintiff also fails to comply with Local Rules 6.01 and 6.02.[1] Namely, Plaintiff does not include "Preliminary Injunction" in the title of the Motion; does not set forth the specific facts demonstrating entitlement to relief; and does not include a supporting legal memorandum to establish the likelihood that movant will prevail, the irreparable nature of the injury, the harm that might result absent the injunction, or the nature and extent of any public interest affected. *See* Local Rule 6.01(a), (b) and 6.02(a)(1). Accordingly, the Motion is deficient. *See e.g.*, *Benson v. Hernando Cty. Sch. Dist. Bd.*, 2021 WL 4050952, at *1-2 (M.D. Fla. Aug. 27, 2021) (denying a motion for TRO or preliminary injunction for failure to comply with Federal Rule of Civil Procedure 65 and Local Rules 6.01 and 6.02).

Finally, with respect to the page limit, Plaintiff requests that the Court give leave to file the "Initial Plaintiff Brief" in excess of 25 pages. Doc. 14. To the extent Plaintiff is referring to the Complaint,[2] the Local Rules do not set forth a page limit for the pleading. The request is, therefore, unnecessary and the Motion is moot in that respect.

---

[1] Local Rule 6.02, governing preliminary injunctions, provides that a motion for preliminary injunction must include "Preliminary Injunction" in the title and must comply with Local Rule 6.01(a) and (b). Local Rule 6.02(a)(1).

[2] Plaintiff states that she has already submitted the "Initial Plaintiff Brief," but Plaintiff has only filed the Complaint in this matter. Doc. 1.

Even so, by Order dated September 6, 2024, the undersigned directed Plaintiff to file a "Brief." Doc. 15. To the extent Plaintiff seeks leave to exceed the page limit for that filing, the Motion does not comply with Local Rule 3.01(a). In part, Local Rule 3.01(a) provides:

> A social security brief must not exceed twenty-five pages. An objection to a report and recommendation must not exceed ten pages. A motion for leave to file a motion, brief, or objection exceeding the page limit must not exceed three pages inclusive of all parts; must specify the need for, and the length of, the proposed paper; and must not include the proposed paper.

Local Rule 3.01(a).

Here, it seems Plaintiff claims that she needs excess pages to present her argument and include quotes, but she does not identify the length the brief. While additional space may be warranted, Plaintiff should first disclose the proposed page limit to allow the Court to determine if the request is reasonable.

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion (Doc. 14) be **DENIED**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on September 16, 2024.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE