UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELIZABETH QUINTERO,**

        **Plaintiff,**

v.                                                      Case No.  6:24-cv-1345-CEM-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Preliminary Injunction ("Motion," Doc. 14). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 16), recommending that the Motion be denied. (*Id.* at 3). Plaintiff filed Objections (Doc. 17).

Plaintiff brought the Complaint (Doc. 1) against the Commissioner of Social Security. Shortly after, Plaintiff filed a letter, which the Magistrate Judge construed as a motion, that seeks injunctive relief. (Doc. 16 at 1).

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration

of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, Plaintiff makes timely objections, but the objections are only directed toward the perceived inadequacy of the Middle District of Florida's Local Rules and Guidebook, which the Court understands to be the "Guide for Proceeding Without a Lawyer." None of these objections address a particular portion of Magistrate Judge's findings or recommendations in the R&R. (*See generally* Doc. 17). Plaintiff also makes appeals to "[c]ommon sense" and "deductive reasoning" in arguing that the Court should depart from the Local Rules. (Doc. 17 at 7, 8). Such vague arguments, without factual or legal support, need not be addressed by the Court. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a "perfunctory and underdeveloped argument" with no citation to legal authority and collecting cases); *Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991) ("An argument not made is waived, whether based on federal law, the law of the forum state, or the law of a foreign state." (citing *Pruitt v. P.P.G. Industry, Inc.*, 895 F.2d 734 (11th Cir. 1990))).

"[E]ven though local rules are valid and binding on the parties, their enforcement must be tempered with due consideration of the circumstances." *Cohen*

*v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 924 (11th Cir. 1986) (footnote omitted). Plaintiff has not shown that the circumstances in this case justify a departure from the Local Rules. Nor upon review of the R&R has the Court found a departure is justified.

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and considering the Objections, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 17) are **OVERRULED**.
2. The Report and Recommendation (Doc. 16) is **ADOPTED** and made a part of this Order.
3. Plaintiff's Motion for Preliminary Injunction (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party